I JAMES F. McKAY III, Judge.
On May 21, 1998, Patricia Wallace Cunningham underwent surgery for a total hip replacement at Chalmette Medical Center. The surgery was performed by Drs. Ralph Gessner and Mark Vrahas. Following this surgery, Mrs. Cunningham was monitored and treated by Drs. John Thien, Michael Hill, Stephen Kishner and Walter Brent, Jr. as well as Drs. Gessner and Vrahas. Mrs. Cunningham contends that these physicians failed to appropriately monitor her condition and an infection developed which rendered her wheelchair bound.
On May 20, 1999, Mrs. Cunningham and her husband, Ernest E. Cunningham, filed suit against Drs. Gessner, Vrahas, Thien, Kishner, Hill, Brent, and Chalmette Medical Center (CDC no. 99-8353).[1] In response, Drs. Gessner, Thien, Hill, Brent and Chalmette Medical Center each filed exceptions of prematurity which the trial court maintained on September 13, 1999. The plaintiffs then proceeded with medical review panel proceedings against all of the defendants named in their lawsuit and UHS of New Orleans, Inc. (UHS).[2] At the [2concIusion of the medical review panel proceedings, the plaintiffs filed a second lawsuit (CDC No. 02-5539), which was ultimately consolidated with their earlier lawsuit. This second lawsuit named all of the defendants included in the first lawsuit as well as UHS and IMG Healthcare, L.L.C. (IMG). In response, IMG, Dr. Hill, Chal-mette Medical Center, UHS, Dr. Vrahas and Dr. Kishner filed exceptions of improper venue. The trial court denied all of these exceptions. Dr. Kishner, Dr. Vrahas and IMG also filed exceptions of prematurity. The trial court found that the exceptions of Drs. Kishner and Vrahas were moot because they were filed in response to the original petition for damages filed prior to the medical review panel proceedings; the trial court also denied IMG’s exception of prematurity. Dr. Vrahas also filed an exception of insufficiency of service of process which the trial court ruled moot as proper service had been made on Dr. Vrahas in the earlier consolidated lawsuit. The defendants appeal the denials of their exceptions.
With regards to the exceptions of prematurity filed by Drs. Kishner and Vrahas, we agree with the trial court that they are moot as they were filed in response to the original petition for damages that was filed prior to the proceedings of the medical review panel. Following the conclusion of those proceedings, a second petition for damages was filed and the *835 cases were consolidated pursuant to the rules of court. Because the claims were submitted to the medical review panel and the panel has concluded its proceedings, the actions against Drs. Kishner and Vra-has are not premature. We also agree with the trial court that the action is not premature as to IMG because whether or not it is a qualified healthcare provider |3any claims against it have already been presented to and reviewed by the medical review panel by submission of the claims against Dr. Hill. We also agree with the trial court that Dr. Vrahas’ exception of insufficiency of service of process is moot because proper service was made on Dr. Vrahas in the consolidated case (CDC No. 02-05539).
The central issue in this appeal is whether venue is proper in Orleans Parish. According to Louisiana Code of Civil Procedure article 42(1) and (2), an action against an individual who is domiciled in the state shall be brought in the parish of his domicile and an action against a limited liability company shall be brought in the parish where its registered office is located. Furthermore, in accordance with Louisiana Code of Civil Procedure article 73, an action against joint or solidary obligors may be brought in a parish of proper venue as to any obligor. A plaintiff defending against an exception of venue by invoking the provisions of the article governing venue in an action against joint or solidary obligors must allege sufficient facts as to prove that the venue chosen is the proper venue for at least one of the joint or solidary obligors, and must also allege facts showing that the various defendants are in fact jointly or solidarily obligated. Strasner v. State, 99-1099 (La.App. 1 Cir. 6/23/00), 762 So.2d 1206.
In the instant case, all of the named defendants provided medical services in some form to the plaintiff, whether during, prior to or subsequent to her hip replacement surgery on May 21, 1998. As such, these defendants may be jointly liable for the plaintiffs damages. One of the defendant’s, IMG’s, registered office |4is in Orleans Parish. IMG is Dr. Hill’s employer and the limited liability company under which he operates his medical clinic. The evidence in the record indicates that IMG is the entity responsible for operating the medical clinic of which Dr. Hill is a member. In everything that it does, IMG holds itself out as the company responsible for running the clinic where Dr. Hill works, and IMG physicians, including Dr. Hill, hold themselves out as agents of IMG. .
Because IMG is a limited liability company whose registered office is located in Orleans Parish, venue would be proper in Orleans Parish as to IMG. Due to the nature of TMG’s relationship to Dr. Hill and the other named defendants, all of the parties may be jointly or solidarily liable for Mrs. Cunningham’s damages. As such, venue in Orleans Parish would be proper not only as to IMG but also for all of the other named defendants. Accordingly, the trial court was correct in denying the defendants’ exceptions of improper venue.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. The plaintiffs also filed a lawsuit in St. Bernard Parish with the same allegations against the same defendants.

. UHS is a division of Chalmette Medical Center.