|! DAVID S. GORBATY, Judge.
In this appeal, defendant State Farm Insurance Company (“State Farm”) seeks review of the trial court’s denial of its exception of no right of action and/ or dismissal, the trial court’s granting permission to Sophia and Philomena White (“the Whites”) to amend their petition, and the trial court’s judgment in favor of the Whites and against State Farm only. For the reasons set forth below, we reverse.

FACTS AND PROCEDURAL HISTORY

The Whites filed suit against State Farm, State Farm’s policyholder Dennis Armitage, Allstate Insurance Company, and Allstate’s insured driver, Terrance Clark, seeking damages for their alleged injuries resulting from an automobile collision on December 29, 2000. The Whites were passengers in the Clark vehicle.
At the conclusion of the trial, State Farm and Dennis Armitage moved for an involuntary dismissal of Armitage pursuant to La. C.C.Pr. art. 1672, based on the fact that Armitage was not negligent in causing the accident because he was the owner and policyholder, not the driver, of the insured vehicle. The trial court granted the dismissal of Armitage without objection from plaintiffs’ counsel.
Immediately thereafter, State Farm moved for the trial court to grant it an exception of no right of action and/or dismissal based upon this court’s decision in Foltmer v. James, 2001-1510 (La.App. 4 Cir. 9/12/01), 799 So.2d 545, and pursuant to La. R.S. 22:655(B), which provides that a direct action against the insurer alone can be maintained only under certain circumstances. None of the enumerated circumstances applied in this case, State Farm asserted. Plaintiffs’ counsel opposed the exception, and motioned the court for permission to amend the original petition to name State Farm’s insured driver, Jason Armitage, as a defendant. The trial court denied State Farm’s exception and granted plaintiffs’ request to amend the petition.
On November 15, 2002, the trial court found “State Farm Insurance Company’s insured” to be one hundred percent liable for the accident, and rendered judgment against State Farm only, in favor of Sophia White in the amount of $8,940.00 and in favor of Philomena White in the amount of $8,645.00, plus legal interest and court costs from the date of judicial demand on both amounts. The Whites did not file an Amended Petition naming Jason Armitage as a defendant until March 24, 2003, approximately four and one-half months after judgment was rendered. State Farm subsequently filed this appeal.

*265
DISCUSSION

State Farm asserts that the trial court erred in rendering judgment against State Farm alone, in violation of La. R.S. 22:655(B).
After a trial on the merits and submission of the case for decision, the trial court granted State Farm’s named insured, Dennis Armitage, an involuntary dismissal pursuant to La. C.C.P. art. 1672, because Dennis was only the owner, not the driver, of the vehicle involved in the accident. The trial court then denied State Farm’s motion for dismissal pursuant to La. C.C.P. art. 1672 and/or exception of no right of action based on La. R.S. 22:655(B). Thereafter, the trial court granted the Whites permission to amend the petition to add Jason Armitage as a defendant.
La. R.S. 22:655(B) provides as follows:
B. (1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure art. 42 only. However, such action may be brought against the insurer alone only when:
(a) The insured has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction;
(b) The insured is insolvent;
(c) Service of citation or other process cannot be made on the insured;
(d) When the action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons;
(e) When the insurer is an uninsured motorist carrier; or
(f) The insured is deceased
This court recently held that direct actions against an insurer alone are strictly limited to the five enumerated circumstances listed in La. R.S. 22:655(B). Foltmer v. James, 2001-1510 (La.App. 4 Cir. 9/12/01), 799 So.2d 545. In that case, Foltmer filed suit in Orleans Parish naming several defendants, including St. Paul Fire & Marine Insurance Company and its insured, the City of Gretna, seeking recovery of damages incurred in an automobile accident that occurred in the City of Gret-na. Foltmer’s claim against the City of Gretna was later transferred to the 24th Judicial District Court. Following the transfer, St. Paul filed an exception of no right of action in Orleans Parish, citing La. R.S. 22:655(B). This court noted that as a result of the transfer, the plaintiffs claim against St. Paul in Orleans Parish became a direct action against an insurer alone and, under the circumstances at hand, was inappropriate because none of the enumerated circumstances under 22:655(B) existed. Thus, this court held that St. Paul was entitled to a dismissal.
As in Foltmer, supra, when the trial court granted a dismissal of State Farm’s named insured, Dennis Armitage, the Whites’ claim against State Farm became a direct action against State Farm under La. R.S. 22:655(B). As in Foltmer, the Whites failed to offer, let alone prove, that any of the five enumerated circumstances under 22:655(B) were applicable in this case.
*266 The Whites did not name State Farm’s insured driver, Jason Armitage, as a defendant in this lawsuit prior to the case being submitted to the court for decision. The Whites produced no evidence showing that Jason Armitage was deceased or that he was adjudged as a bankrupt. The Whites also produced no evidence showing that service of citation could not be made on Jason Armitage. In fact, the police report, stipulated to by all counsel prior to trial, listed Jason Armitage’s address. Because none of the enumerated circumstances existed for the Whites to maintain a direct action against State Farm alone under La. R.S. 22:655(B), we shold that State Farm’s exception of no right of action should have been granted, and State Farm dismissed.
State Farm next contends that the trial court erred in granting the plaintiffs permission to amend their original petition to add Jason ' Armitage as a defendant after the case was submitted for decision.
Once a final judgment has been rendered, there generally can be no amended petition as there is no longer a petition before the court to amend. State, Through Louisiana Riverboat Gaming Com’n v. Louisiana State Riverboat Gaming Enforcement Division, 97-0167 (La.App. 1 Cir. 6/20/97), 696 So.2d 645. After rendition of final judgment, appellants may either apply for a new trial or appeal from an adverse judgment, but nowhere in the Code of Civil Procedure is an amendment of a petition after final judgment allowed. Templet v. Johns, 417 So.2d 433.
In this case, the trial court granted the plaintiffs permission to amend the petition after trial on the merits and after the matter was submitted to the court for a decision. In fact, the plaintiffs did not amend their petition until March 24, 2003, nearly four and a half months after the trial court rendered its final judgment on November 15, 2002 against State Farm only. Under the Louisiana Code of Civil Procedure, plaintiffs’ only post-trial remedy was to apply for a new trial or appeal. As such, we find that the trial judge erred in allowing plaintiffs to amend their petition not only aftér trial, but after judgment had been rendered. Because we find merit to State Farm’s first two assignments of error, we need not address their remaining alternative arguments.

CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the trial court is reversed.

REVERSED.