950 So.2d 884 (2007)
Antoinette RIDGEWAY and Florine Ridgeway
v.
Arthur PIERRE and State Farm Insurance Company.
Kathleen Ridgeway
v.
State Farm Insurance Company and Arthur Pierre, Jr.
Nos. 2006-CA-0521, 2006-CA-0522.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 2007.
*886 Louis A. Gerdes, Jr., New Orleans, LA, for Kathleen Ridgeway.
David A. Strauss, Christian A. Garbett, King, LeBlanc and Bland, P.L.L.C., New Orleans, LA, for Defendants/Appellants.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS SR., and Judge TERRI F. LOVE).
JONES, Judge.
The Appellants, State Farm Insurance Company and Arthur Pierre, appeal an adverse judgment by the trial court[1] which denied their post trial Motions For Involuntary Dismissal. In the Motion, the Appellants alleged: (1) that the named Appellee, Kathleen Ridgeway, failed to request service of process on Mr. Pierre within the time prescribed by law; and (2) that Ms. Ridgeway sought to bring an indirect action, under La. R.S. 22:655, against State Farm, alone, as insurer. Further, they appeal the adverse monetary judgment awarded by the trial court. We Affirm.

FACTS AND PROCEDURAL HISTORY
This matter stems from a two-car accident which occurred in New Orleans on February 13, 2001. The Appellee, Kathleen Ridgeway, and another person, Florine Ridgeway, were passengers in a vehicle *887 operated by Antoinette Ridgeway,[2] when it was involved in an accident with a vehicle operated by Arthur Pierre. Mr. Pierre's vehicle was insured by State Farm Auto Insurance.
On February 13, 2002, Kathleen Ridgeway filed her own lawsuit. In the suit she named State Farm and Mr. Pierre as defendants. She alleged that Mr. Pierre ran a stop sign and collided with her vehicle thereby causing "severe injury and property damage."
However, in that lawsuit, State Farm contended that Kathleen Ridgeway's attorney instructed the Orleans Parish Clerk of Court to withhold service of the Petition on the defendants. State Farm was not served with the Petition until April 10, 2002, but the Appellants assert that this was done only after Kathleen Ridgeway's attorney paid for and requested service on State Farm only. State Farm answered the petition timely. However, Mr. Pierre was never served with the petition, nor did he ever file responsive pleadings to the appellee's petition on his own behalf.[3]
Antoinette Ridgeway and Florine Ridgeway filed a separate lawsuit on February 13, 2002, in First City Court for New Orleans. Antoinette and Florine Ridgeway named as defendants and requested service on both State Farm and Mr. Pierre.
On May 3, 2002, State Farm filed its Motion to Consolidate both lawsuits, without any objection. The lawsuits were subsequently consolidated via signed order dated August 5, 2002.
On September 22, 2004, State Farm and Mr. Pierre filed an expedited Motion for Partial Summary Judgment, seeking dismissal of Antoinette Ridgeway's claims up to $10,000.00 under the Louisiana "no pay-no play" statute. Antoinette Ridgeway was later dismissed from the case. The case subsequently proceeded to trial on March 4, 2005.
At the close of trial, State Farm filed a Motion to Dismiss Kathleen Ridgeway's claims against Mr. Pierre, with prejudice, since she had never served him with the Petition, and Mr. Pierre had never expressly waived service. State Farm contends that the lawsuit was an improper direct action against them in their capacity as Mr. Pierre's insurer, and State Farm also moved for dismissal from the lawsuit.
In a judgment, dated March 14, 2005, the trial court cast State Farm in judgment and awarded Kathleen Ridgeway $9,500.00 in general damages, $2365.00 in medical expenses, and $600.00 for Dr. McKenna's testimony fees, along with interest and court costs from the date of judicial demand.
With Respect to Florine Ridgeway, the trial awarded her $8,412.00 in general damages, inclusive of medical expenses, plus $1,250.00 in medial expenses and $650.00 for the testimony of Dr. Stewart Altman, along with interest and court costs from the date of judicial demand.
After an unopposed Motion to Amend Judgment was filed on March 15, 2006, the trial court issued an amended judgment on March 16, 2006 which re-iterated the dispositions of the earlier judgment, but also included its dismissal of Antoinette Ridgeway's suit, along with its denial of State Farms' post trial motions to dismiss the lawsuit. This timely appeal followed.
*888 In their appeal, the Appellants assert five (5) assignments of error: the district court erred in failing to dismiss Kathleen Ridgeway's claims against Arthur Pierre since he was never served with Kathleen Ridgeway's petition; the district court erred in failing to dismiss Kathleen Ridgeway's claims against State Farm since none of the factors available for a direct action under La. R.S. 22:655 existed; the district court erred in casting Arthur Pierre and/or State Farm in judgment since Arthur Pierre was never served with Kathleen Ridgeway's petition, that and a direct action against State Farm was improper; the district court erred in finding that the subject auto accident caused Kathleen Ridgeway's injuries; and the district court erred in awarding Kathleen Ridgeway excessively high general and special damages.

DISCUSSION
Assignments of Error One and Three
In their first and third assignments of error, the Appellants argue that the trial court erred in failing to dismiss Kathleen Ridgeway's claims against Arthur Pierre since he was never served with Kathleen Ridgeway's Petition; and that the trial court erred in casting Arthur Pierre and/or State Farm in judgment since Mr. Pierre was never served with Kathleen Ridgeway's petition and that a direct action against State Farm was improper.[4]
Generally, "[t]he Motion for Involuntary Dismissal is reviewed under the manifest error standard of review." Franicevich v. Caillou Island Towing Co., Inc., XXXX-XXXX, p. 3, (La.App. 4 Cir. 3/17/99) 732 So.2d 93, 95, 1999 A.M.C.2039. Additionally, this Court has also held that:
A dismissal under Article 1672 B should not be reversed absent manifest error. The manifest error standard provides that where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, Dept. of Trans. & Dev., 617 So.2d 880, 883 (La.1993). The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Id. at 882. The reviewing court may not disturb the reasonable evaluations of credibility and reasonable inferences of fact when viewed in light of the record in its entirety even though it feels its evaluations are more reasonable. Id. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in testimony. Id. However, where documents or objective evidence so contradict the witness' story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness' story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon credibility determination. Id. If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id.

Kelly v. Housing Authority of New Orleans, XXXX-XXXX, p. 6, (La.App. 4 Cir. 8/14/02) 826 So.2d 571, 575.
*889 State Farm and Mr. Pierre contend that Filson v. Windsor Court Hotel, 2004-2893, (La.06/29/95), 907 So.2d 723, is controlling in this matter. In Filson, a co-defendant in a civil suit filed a motion for involuntary dismissal on the basis that a request for service of process had not been made within ninety days. However, the co-defendant filed a motion for involuntary dismissal after filing an answer and propounding discovery on the plaintiffs. The district court denied the motion, while the Court of Appeal granted the defendant's writ application and reversed the district court's judgment, thereby granting the motion for involuntary dismissal, without prejudice. The Louisiana Supreme Court granted Certiorari and held that service was not waived by the co-defendant, and affirmed the court of appeal.
However, the instant case is distinguishable from Filson. The record reflects that the State Farm filed its Motion for Involuntary Dismissal after having agreed to consolidate the separate lawsuits "early on." Although the appellants employed the proper procedural device to challenge the sufficiency of service or citation in the present case, the very fact that the matters were consolidated puts the issue in a different posture than a case such as Filson, that was not consolidated.
In a case which has a similar procedural history to the matter sub judice, Cunningham v. Chalmette Medical Center, XXXX-XXXX, (La.App. 4 Cir. 10/15/03), 859 So.2d 832, a physician who was named in a medical malpractice suit raised several exceptions, including a declinatory exception of insufficiency of service of process, when the suit was subsequently consolidated with another case in which he was a party, but had not been duly served within the time period provided for by law. This Court held that the physician's exception of insufficiency of service of process was moot, where proper service was made on physician in second lawsuit, that was consolidated with original lawsuit. Cunningham, p. 3, 859 So.2d at 835.
We find that in the present case, State Farm cannot make a successful argument concerning its exception given: (1) that Mr. Pierre was served in another suit arising out of the same transaction and occurrence of the original suit, for which he was duly served with service of process; and (2) both suits were subsequently consolidated by State Farm. The lack of service of process on Mr. Pierre in the Kathleen Ridgeway's lawsuit was waived, or rather "cured," due to Mr. Pierre's failure to timely raise an exception of insufficiency of service of process, prior to State Farm's Motion to Consolidate the cases. The consolidation of the cases and subsequent participation in the litigation of the consolidated cases, by the appellants, specifically Mr. Pierre, constituted a general appearance. Thus, the trial court was not manifestly erroneous or clearly wrong in its decision to deny the appellants' Motion for Dismissal.
Assignment of Error Two
In the appellants' second assignment of error, State Farm argues that the trial court erred in failing to dismiss Kathleen Ridgeway's claims against State Farm, since none of the factors available for a direct action under La. R.S. 22:655 were satisfied.
La. R.S. 22:655(B) provides as follows:
B. (1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or *890 injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only. However, such action may be brought against the insurer alone only when:
(a) The insured has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction;
(b) The insured is insolvent;
(c) Service of citation or other process cannot be made on the insured;
(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons;
(e) When the insurer is an uninsured motorist carrier; or
(f) The insured is deceased.
In support of this argument, the appellants cite White v. State Farm Insurance Company, XXXX-XXXX, (La. App.4.Cir.11/26/03), 862 So.2d 263, to support their argument that Kathleen Ridgeway improperly filed a direct action against State Farm alone, as Mr. Pierre's insurer. In White, the victims of an automobile accident sued the car owner and his liability insurer, State Farm. After trial, State Farm and the owner moved for an involuntary dismissal pursuant to La. C.C.P. art 1672, arguing that that the vehicle owner/policyholder was not negligent in causing the accident. The First City Court of New Orleans dismissed the owner/policyholder of the vehicle, pursuant to La. C.C.P art. 1672, since he was not the driver at the time of the accident. The insured's son was actually the driver at the time of the collision. State Farm then moved for the court to grant its exception of no right of action and dismissal of the suit on the basis that La. R.S. 22:655(B) provides that a direct action against an insurer can only be maintained under certain circumstances, citing, Foltmer v. James, XXXX-XXXX (La.App. 4 Cir. 9/12/01), 799 So.2d 545. The First City Court of New Orleans rendered judgment against State Farm alone, denied State Farm's exception of no right of action, but allowed the plaintiffs to amend their petition to add the actual driver of the vehicle to the lawsuit. However, the plaintiffs amended their petition nearly five months post judgment. State Farm appealed.
On appeal, this Court, in White, held that: the plaintiffs had no right of action against the liability insurer alone after the owner of the vehicle was dismissed. White, 862 So.2d at 266, and that the plaintiffs could not amend their petition to add the insured driver after the judgment had been rendered against State Farm alone since "once a final judgment has been rendered, there generally can be no amended petition as there is no longer a petition before the court to amend. State, Through Louisiana Riverboat Gaming Com'n v. Louisiana State Riverboat Gaming Enforcement Division, 97-0167 (La.App. 1 Cir. 6/20/97), 696 So.2d 645." White, 862 So.2d at 266.
However, we find that the White case is not applicable to the matter sub judice for the same reasons we have distinguished Filson v. Windsor Court Hotel, 2004-2893, (La.06/29/95), 907 So.2d 723. This record reflects that the State Farm moved, without any opposition, to consolidate both Ridgeway lawsuits, despite Mr. Pierre's lack of citation and service. Once the trial court granted the Motion to Consolidate, both State Farm and its insured, Mr. Pierre, were all made defendants in both lawsuits, as reflected in court filings which appear in the record. *891 State Farm also contends that it filed responsive pleadings which are titled "for State Farm and Arthur Pierre." State Farm appears to argue that the titles to the pleadings are misnomers, however, these motions appear in the court record and the language is unambiguous. The result of captioning a pleading in such a specific and unambiguous manner not only puts the Court on notice which party petitions a court for relief, but it also puts other parties on notice as to who authored the pleading.
The consolidation in this case renders this assignment of error moot because both the Appellant, State Farm, and its insured were parties to the action, post consolidation. Therefore, this claim does not have merit.
Assignments of Error Four and Five
In the appellants' fourth and fifth assignments of error, State Farm argues that the trial court erred in finding that the subject accident caused Kathleen Ridgeway's injuries and that the trial court erred in awarding Kathleen Ridgeway excessively high general and special damages.
"In reviewing the factual findings of a trial court, an appellate court is limited to a determination of manifest error. Hill v. Morehouse Parish Police Jury, 95-1100 (La.1/16/96), p. 4, 666 So.2d 612, 614. Where a fact finder's finding is based on its decision to credit the testimony of one or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844-845 (La.1989)." Lindsey v. USAA Property and Cas. Ins. Co., XXXX-XXXX, p. 6, (La.App. 4 Cir. 10/9/02), 830 So.2d 335, 338-39.
As to the whether the accident in question caused Ms. Ridgeway's injuries, "a plaintiff has the burden of proving that his injuries were caused by the accident in question. Lacy v. ABC Ins. Co., 97-1182 (La.App. 4 Cir. 4/1/98), 712 So.2d 189. However, the plaintiff's disability is presumed to have been caused by the accident if, before the accident, he was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, so long as the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition. Housley v. Cerise, 579 So.2d 973, 980 (La. 1991). After this presumption has been established, the burden shifts to the defendant to prove that some other factor could have caused plaintiff's injuries. Maranto v. Goodyear Tire and Rubber Co., 94-2603 (La.2/20/95), 650 So.2d 757." Lindsey, p. 7-8, 830 So.2d 335, 340.
The record indicates that State Farm and Mr. Pierre entered into an oral stipulation which clearly indicated that Mr. Pierre was at fault for the subject accident. This stipulation cannot be ignored given the fact that Kathleen Ridgeway was in the vehicle that Mr. Pierre collided into. The record also reflects that in the present suit, Kathleen Ridgeway's bodily injuries, which she allegedly sustained as a result of Mr. Pierre's negligence, caused her to seek medical treatment with Dr. Dwight McKenna.
At trial, Dr. Dwight McKenna testified that he treated Kathleen Ridgeway, beginning around February 23, 2001. At the time of her initial visit, her chief medical complaint was "[l]ower back pain." He also testified that Kathleen Ridgeway gave him a history in which she indicated that she had been in an auto accident. He also testified that upon Kathleen Ridgeway's physical exam, her blood pressure was 122/82, and that all other findings were "essentially normal." However, *892 there were positive findings with respect to her back pain, and Dr. McKenna testified, that "[Kathleen] had spasms in the lumbar sacral muscles. There was pain with flexion and rotations."
When he was questioned about the significance of the spasms, Dr. McKenna indicated that a "spasm is an objective finding that usually indicates that an insult has occurred to a muscle." Dr. McKenna prescribed muscle relaxants and heat therapy to treat Kathleen Ridgeway's injuries.
Additionally, Dr. McKenna testified that Kathleen Ridgeway reported for treatment as follows: in March, she came to the office for treatment four times; in April, she came five times; in May, she reported four (4) times; in June she came four times; in July, she also came in four times; in August, she reported six times. Dr. McKenna also testified that he subsequently discharged Kathleen Ridgeway on August 6, 2001, and he opined that the injuries for which he treated Kathleen Ridgeway, were all related to the car accident which occurred on February 13, 2001.
Based upon this Court's review of the record, we cannot say that the trial court committed manifest error in finding that the injuries which Kathleen Ridgeway complained of in her Petition are not supported by the stipulation made by the appellants and the treatment and assessments made by a medical professional. The trial court found Dr. McKenna's testimony credible, therefore, the burden shifted to the defendants to show that some other causal connection or factor could have caused her injuries. Lindsey, 830 So.2d at 340. We find that the appellants' fourth assignment of error does not have merit.
In the fifth assignment of error, the appellants argue that the general and special damage awards granted by the district court are excessive. "[T]he role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration." Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.9/3/93), reh. denied, (10/7/93).
Additionally, "[t]he standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) through Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), is that the discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages." Youn, 623 So.2d at 1257, 1261. Furthermore, "[r]easonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." Id.
Since the Court has previously concluded that the record supports the causal connection between the accident and the injury, and these determinations are based upon credible testimony, this Court will not disturb the court's general damage awards. We cannot say that the awards constitutes manifest error or are clearly *893 wrong. The appellants' fifth assignment of error is without merit.

CONCLUSION AND DECREE
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] While the Appellants cite errors of the district court, the matter was tried in a city court.
[2] The record indicates that the relationship between the plaintiffs is: grandmother (Antoinette Ridgeway), her daughter (Kathleen Ridgeway), and her granddaughter (Antoinette Ridgeway).
[3] The record indicates that State Farm filed pleadings "on Behalf of State Farm and Arthur Pierre."
[4] The Appellants have raised a similar argument concerning Kathleen Ridgeway's improper direct action in her second assignment of error. The Court will address the issue in the Appellants' second assignment of error.