JOAN BERNARD ARMSTRONG, Chief Judge.
 

 11 Jason Aaron Picou and Antigona Vela Picou were married on February 12, 1999, and, of their marriage, two children were born. ANP
 
 [1]
 
 was born on February 12, 1998, and AAP was born on March 20, 2000. On July 18, 2002, Mr. Picou filed a Petition for Divorce, which included a request for determination of custody of the two minor children. The trial court granted a Judgment of Divorce in March of 2003.
 

 The parents entered into two stipulated consent judgments. The first, rendered and signed on November 22, 2002, provided for joint equal physical custody, subject to physical custody arrangements to be worked out between the parties, with the exchange of the children to be at a reasonable time in the evening. At that time, the mother worked at night as a waitress, and the father worked an evening shift as a Jefferson Parish Sheriffs Deputy. The second stipulated consent judgment, signed by all parties and their counsel and submitted to the trial court on June 14, 2005, provided again for joint equal physical custody, consisting of alternative seven day periods beginning from 4 p.m. on Saturdays through 4 p.m. |2on the following Saturday. The judgment provided that the exchange point would be the parking lot of the Belle Chasse lockup.
 

 On November 29, 2005, the mother filed a Rule for Modification of Visitation that was tried on February 5, 2007.
 
 [2]
 
 Following a non-jury hearing, at the close of the mother’s case, the trial court granted the father’s motion for involuntary dismissal pursuant to the provisions of La.C.Civ. Proc. art. 1672(b), which provides in relevant part:
 

 In an action tried by the court without a jury, after the plaintiff has completed the presentation of [her] evidence, any party, ..., may move for a dismissal of the action as to him on the ground that upon facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all evidence.
 

 The mother appeals from that judgment. For the reasons that follow, we affirm the judgment of the trial court.
 

 A motion for involuntary dismissal under La.C.Civ.Proc. art. 1672(b) should be granted only if the plaintiff fails to prove his or her case by a preponderance of the evidence.
 
 Kelly v. Housing Authority of New Orleans,
 
 02-0624, p. 5 (La.App. 4 Cir. 8/14/02), 826 So.2d 571, 574. All evidence, both direct and circumstantial, taken as a whole must show that the causation or fact sought to be proved is more probable than not. The judge must weigh and evaluate all the evidence presented to that point in the trial and determine whether the plaintiff established a
 
 prima facie
 
 case by a preponderance of the evidence. Unlike the motion for directed verdict in a jury trial, the trial judge reviews the evidence without any special ^inference favorable to the party opposed to the motion. In reviewing the trial court’s judgment granting an involuntary dismissal, we apply the
 
 *763
 
 manifest error standard of review.
 
 Morgan v. City of New Orleans,
 
 94-0874 (La. App. 4 Cir. 12/15/94), 647 So.2d 1308. The manifest error standard provides that where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 Stobart v. State through Dept. of Trans. & Development,
 
 617 So.2d 880, 888 (La.1993). The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was reasonable.
 
 Id.
 
 at 882. The reviewing court may not disturb the reasonable evaluations of credibility and reasonable inferences of fact when viewed in light of the record in its entirety, even should it believe its evaluations are more reasonable.
 
 Id.
 
 See also,
 
 Ridgeway v. Pierre,
 
 06-0521 (La.App. 4 Cir. 1/11/07), 950 So.2d 884.
 

 Furthermore, this standard is to be applied in reviewing judgments affecting child custody.
 
 Leard v. Schenker,
 
 05-1125 (La.App. 4 Cir. 3/22/06), 930 So.2d 75, 85,
 
 rev’d in part on other grounds,
 
 06-1116 (La.6/16/06), 931 So.2d 355; citing Revision Comments — 1993 to La.Civ.Code. art. 134, Comment (b);
 
 Bergeron v. Bergeron,
 
 492 So.2d 1193 (La.1986); and
 
 AEB v. JBE,
 
 99-2668, p. 7 (La.11/30/99), 752 So.2d 756, 761. When a party seeks a change in the custody arrangement provided in a stipulated consent judgment, that party has the burden of providing (1) that there has been a material change of circumstances since the entry of the original decree, and (2) that the proposed modification is in the best interest of the children.
 
 Evans v. Lungrin,
 
 97-0541, 97-0577, p. 13 (La.2/6/98), 708 So.2d 731, 738;
 
 Ordoyne v. Ordoyne,
 
 07-235, p. 5 (La.App. 4 Cir. 4/2/08), 982 So.2d 899, 902.
 

 In granting the father’s motion, the trial court noted:
 

 |4I have not seen any evidence that shows there’s been some type of material change since the judgment was stipulated to. There’s been no testimony of any type of remarriage, or divorce, or relocation or abuse, or of step-children problems or school problems, other than what was already in existence at the time of the consent.
 

 The mother argues that the “material change of circumstances” consists in the father’s allegedly having relinquished “much of his custodial duties” to his parents because of his work schedule. The evidence of record does not support this allegation. The mother admitted on cross-examination that in April of 2005, when she participated in the preparation of the consent judgment, she knew that the father was working nights as a Jefferson Parish Deputy Sheriff. She also admitted that she knew at the time the 2005 consent judgment was confected that the paternal grandparents were helping with the children when the father needed them. There is no evidence of record that this grandpa-rental assistance was not in place at the time the parties entered into the 2005 consent judgment.
 

 The record reflects that the father takes the children to dental appointments and attends parent/teacher conferences at their school. He was involved personally with both the school and the Ochsner Clinic concerning evaluation of the special educational needs of one of the children and paid for her tutoring. He attended all of the school meetings during this daughter’s educational evaluation, although the mother missed several of the meetings. The record shows that the father takes his daughter to dance lessons, and takes the girls to the library, to the Children’s Museum in New Orleans, and to Disney World. He also demonstrated on the record his cooperation with the mother in
 
 *764
 
 modifying the agreed-to schedule when the mother scheduled an activity with their daughters, including allowing the children to visit their maternal grandparents in Croatia for up to two months at a Rtime during the summer. The mother admitted on cross-examination that her daughters were doing well in school, although she expressed her belief that the child with special educational needs could not yet read or write. That belief was not supported by objective evidence or expert opinion.
 

 Our review of the record in its entirety discerns ample evidence from which the trial court reasonably could conclude that the mother did not prove, by a preponderance of the evidence, the material change in circumstances she alleged.
 

 Significantly, the mother did not offer and introduce any expert testimony tending to prove that the joint equal custody arrangement is not in the best interests of the couple’s two daughters. The parents agreed in 2002 and 2005 that equal, joint custody of their daughters would be in the best interests of the minors. This arrangement also finds favor in La.R.S. 9:335(A)(2)(b), which provides that to the extent feasible and in the best interest of the child, physical custody of minor children should be shared equally.
 

 For the foregoing reasons, we find that the trial court was not manifestly erroneous or clearly wrong in having found that the mother did not prove, by a preponderance of the evidence, a material change in circumstances that would support a modification of the joint equal custody arrangement memorialized in the parents’ two consent judgments. Nor was there a showing by a preponderance of the evidence that the best interests of the children was not served by the ongoing joint and equal custody arrangement. Therefore, we affirm the judgment of the trial court granting an involuntary dismissal of the appellant’s Rule for Modification of Visitation.
 

 AFFIRMED.
 

 [1]
 

 . The children's initials are used herein in order to protect their privacy.
 

 [2]
 

 . The father filed two contempt rules, alleging that the mother had violated the terms of the two consent judgments. Those issues are not before the Court in this appeal.