Munson **FLETCHER** d/b/a Fletcher's Auto Sales and Service

v.

**SOUTHERN INSURANCE AGENCY**

**NO. 2016–CA–0238**

Court of Appeal of Louisiana, Fourth Circuit.

NOVEMBER 16, 2016

**670**

Munson W. Fletcher, 2363 N. Villere Street, New Orleans, LA, 70117, PLAINTIFF/APPELLANT/PRO–SE

Dennis J. Phayer, BURGLASS & TANKERSLEY, L.L.C., 5213 Airline Drive, Metairie, LA 70001–5602, COUNSEL FOR DEFENDANT/APPELLEE

(Court composed of Chief Judge James F. McKay, III, Judge Max N. Tobias, Jr., Judge Daniel L. Dysart)

Judge Daniel L. Dysart

Plaintiff, Munson Fletcher d/b/a Fletcher's Auto Sales and Service ("Fletcher"), appeals two judgments of the First City Court of the City of New Orleans. The first judgment was rendered June 5, 2015, maintaining defendant Southern Insurance Agency's Exception of *Res Judicata*, dismissing Fletcher's claims, with prejudice, at his cost.[1] The second judgment was rendered June 15, 2015, sustaining an Exception of No Right of Action/No Cause of Action filed on behalf of defendant, Strickland General Agency of La., Inc., dismissing Fletcher's claims against it, with prejudice. For the reasons that follow, we affirm both judgments.

In February 2014, Fletcher filed a writ of mandamus and a petition for injunction against Southern Insurance Agency ("Southern"), alleging that Southern had breached its duties to Fletcher by failing to notify him that it would not insure him.[2] Southern excepted to the action on the ground that Fletcher had no cause of action as there was no contract between the parties that could be breached. The trial court maintained the exception, dismissing all of Fletcher's claims and requests, with prejudice, at his cost on June 27, 2014.

Prior to the ruling on Southern's exception, Fletcher filed a first supplemental and amending petition wherein, among other things, he named Strickland General Agency ("Strickland"), appellee herein, as a defendant. Strickland filed an exception of vagueness or ambiguity as to the petition and an exception of no cause of action. In September 2014, Strickland also filed a motion for summary judgment arguing that it was undisputed that it was not and never had been an insurance company, and had never issued any policy of any type to Fletcher.

After numerous continuances, on March 9, 2015, the trial court rendered judgment granting Strickland's motion for summary judgment, dismissing all claims, with prejudice.

On March 20, 2015, Fletcher filed a petition for breach of good faith and fair dealing, again naming Southern and Strickland, among others, as defendants. Southern responded by filing exceptions of peremption and *res judicata*, and a request for attorney fees and costs, and

---

**1.** Southern also requested sanctions and attorney fees. The trial court deferred ruling pending appeal.

**2.** Fletcher was the owner/operator of a vehicle that was rear-ended or sideswiped by an

unknown vehicle on August 23, 2013. He filed an uninsured motorist claim for personal injury, which was denied, thus triggering the underlying litigation.

Strickland responded with exceptions of no cause and no right of action.

After a hearing on May 27, 2015, on all exceptions and with all parties represented, the trial court granted Southern's exception of *res judicata*, again dismissing Fletcher's claims against it, with prejudice, at his cost. The trial court also sustained Strickland's exceptions of no cause and no right of action, dismissing Fletcher's claims against it, with prejudice. A judgment on Southern's exceptions was signed June 5, 2015, and a judgment on Strickland's exceptions was signed June 15, 2015.[3]

On July 2, 2015, Fletcher filed a motion for devolutive appeal.

**DISCUSSION:**

Fletcher, a *pro se* appellant, did not specify or assign errors regarding the trial court's rulings. *See* La. Code Civ. Proc. art. 2129; *cf.* Rule 2–12.4, Unif. Rules, Cts. of App. Our review of the record reveals that Fletcher's motion for devolutive appeal only references Southern; however, the trial court's order of appeal references two judgments. We therefore address both judgments, one in favor of Southern and the other in favor of Strickland.[4]

Fletcher's first argument addresses peremption. Although Southern did raise an exception of peremption in the trial court, it did so along with an exception of *res judicata*. The trial court sustained Southern's exception of *res judicata*, thus peremption is not an issue on appeal.

Fletcher's second argument addresses *res judicata*. Fletcher correctly states that the doctrine of *res judicata* precludes relitigation of claims and issues arising out of the same factual circumstances. Specifically, La. R.S. 13:4231 provides that when a judgment is granted in favor of a defendant, "all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action." La. R.S. 13:4231A(2). Further, section A(3) of the statute provides: "A judgment in favor of either the plaintiff or defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment."

The record reflects that the judgment on Southern's original Exception of No Cause of Action was rendered on June 27, 2014. Fletcher did not file a motion for a new trial or appeal. Rather, prior to the trial court rendering judgment in favor of Southern, Fletcher filed a First Supplemental and Amending Petition on June 25, 2014, wherein he added Strickland and Canal Indemnity as additional defendants, and made additional claims including one for declaratory relief.

---

3. La. Code Civ. Proc. art. 5002(A) provides that when no timely application for new trial has been filed, an appeal from a judgment rendered by a city/parish court may be taken only within ten days from the date of judgment or from the service of the notice of judgment, when such notice is necessary. *Also see, Myles v. Turner*, 612 So.2d 32 (La. 1993). As the record does not indicate when Fletcher received either notice of judgment, we pretermit discussion of the timeliness of his appeal.

4. In his First Supplemental and Amended Petition, Fletcher added Canal Indemnity Company as a party defendant. Canal Indemnity filed Exceptions of Nonconformity of the Petition, Vagueness and Ambiguity, Improper Cumulation, Unauthorized Use of a Summary Proceeding, and No Cause of Action. The trial court granted all of the exceptions except for the No Cause of Action. Fletcher again named Canal Indemnity in his Second Supplemental and Amending Petition, but no action has been taken by Canal Indemnity in relation to that Petition.

Thereafter, summary judgment was granted to Strickland by the trial court on March 9, 2015, dismissing all claims of Fletcher as to Strickland. Again, Fletcher failed to file a motion for new trial or appeal. Instead, on March 20, 2015, he filed a Second Supplemental and Amending Petition, again naming Southern and Strickland as defendants. Those claims were then dismissed in the judgments rendered June 5, 2015 (Southern) and June 15, 2015 (Strickland), which are the subject of this appeal.

Fletcher argues that it was not until he received responses to his discovery requests that he learned of other "misconduct" on the part of Southern. He argues that the newly discovered misconduct on the part of Southern and its employees, who were added to the suit in his supplemental and amending petitions, was never raised as part of his initial petition, and, therefore, cannot be *res judicata*. He explains that the parties as named in his subsequent petitions were "in a different capacity." Fletcher makes the identical argument as to Strickland.

Both defendants were dismissed, with prejudice, prior to the filing of Fletcher's Second Supplemental and Amending Petition. It is clear that once a final judgment has been rendered, there can be no amended petition, as there is no underlying petition to amend. *Ridgeway v. Pierre*, 06–0521, p. 8 (La.App. 4 Cir. 1/11/07), 950 So.2d 884, 890.

Accordingly, for the reasons discussed herein, the rulings of the trial court are affirmed.

**AFFIRMED.**