THE SPICE FACTORY CONDOMINIUM ASSOCIATION, INC.

VERSUS

PATRICK JARLATH MCARDLE A/K/A JARLATH P. MCARDLE

\* \* \* \* \* \* \*

NO. 2023-CA-0080

COURT OF APPEAL

FOURTH CIRCUIT

STATE OF LOUISIANA

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-04396, DIVISION "C"
Honorable Sidney H. Cates, Judge
\* \* \* \* \* \*
**Judge Rachael D. Johnson**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

**JENKINS, J., DISSENTS WITH REASONS**

Paula R. George
Christopher Gobert
ATTORNEY AT LAW
2403 St. Charles Avenue
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLEE

Irl R. Silverstein
THE SILVERSTEIN LAW FIRM, APLC
3324 N. Causeway Blvd.
Suite 200
Metairie, LA 70002

      COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED
OCTOBER 24, 2023**

*RDJ*
*RLB*

The Appellant, defendant/plaintiff-in-reconvention Patrick Jarlath McArdle, seeks review of the district court's October 22, 2022 judgment: awarding the Appellee, the Spice Factory Condominium Association ("SFCA"), $47,881 for past due condominium fees and a special assessment for Hurricane Ida damage; and denying his reconventional demand. Finding that the district court's judgment is not manifestly erroneous, we affirm.

## Facts and Procedural History

This appeal arises out of a contractual dispute between Mr. McArdle and his condominium association, SFCA, over unpaid monthly association dues, late fees and a Hurricane Ida assessment. SFCA is a Louisiana non-profit corporation which, through its board of directors, is the governing body of the 14-unit Spice Factory Condominium building ("the Spice Factory") located in New Orleans. Mr. McArdle owns Unit 1 ("the Unit") in the Spice Factory. According to the SFCA's governing documents, unit owners are required to pay monthly dues of $398.00.

Additionally, each unit owner makes one additional or 13th-payment of dues which, when added to the regularly monthly dues, is used for the upkeep and maintenance of the Spice Factory.

Mr. McArdle has owned the Unit since 2009, and for the majority of his ownership he has rented the Unit to various tenants. He alleges that in February 2010, he noticed water intrusion issues during hard and/or driving rain in the Unit. He avers these issues continued to occur until 2021. It is undisputed that in 2016, Mr. McArdle decided to forgo paying his SFCA dues because of the chronic water leaks in the Unit. Nevertheless, he continued leasing the Unit until 2021.

On May 24, 2018, SFCA filed a petition in First City Court for the Parish of Orleans against Mr. McArdle, alleging he owed $5,678 in past-due SFCA dues as the owner of the Unit. SFCA averred that on September 2017, the Association filed in the Mortgage Records for the Parish of Orleans, a Statement of Claim of Privilege for the Unit, detailing Mr. McArdle's "delinquencies in failing to pay unpaid dues and late charges associated with the Unit," including his tendering of several non-negotiable checks from November 2016 through July 2017 to SFCA. Its petition pleaded that by January 11, 2018, Mr. McArdle failed to pay $5,678 in SFCA dues, and late penalties.

Subsequently, SFCA filed a motion to have a curator appointed to represent Mr. McArdle when it was unable to serve the petition via long-arm service. The motion was granted. Thereafter, the lower court conducted a trial on September 11, 2019. However, Mr. McArdle failed to appear, resulting in a default judgment

2

being entered against him and, awarding SFCA $16,236.00 as well as $3,970.52 for attorney's fees and costs. The judgment was recorded in the Orleans Parish Office of Mortgages and Conveyances.

In December 2019, SFCA filed a Request for Writ of Fieri Facias, seeking the seizure of the Unit for public auction pursuant to the September 11, 2019 judgment. An Affidavit of Notification filed by SFCA reflects that SFCA served Mr. McArdle at the Unit, and a Post Office box in Park City, Utah as well as through the aforementioned Curator. A judicial sale was scheduled for March 3, 2020. However, Mr. McArdle filed a Petition for Nullity and for Injunctive Relief on March 9, 2020, in the lower court seeking to enjoin the sale and to have the September 11, 2019 judgment rendered a nullity.

The lower court denied Mr. McArdle's request for a preliminary injunction,[1] but granted him a new trial based upon its determination that there was a lack of personal jurisdiction over him when the September 11, 2019 judgment was rendered.

Mr. McArdle subsequently filed an Answer and Reconventional Demand against SFCA raising two issues. First, he averred that the Unit had extensive water intrusion issues and SFCA breached its statutory and contractual duty to properly maintain the Unit. He alleged SFCA's breach caused him to sustain various damages, including damages to the Unit and loss of rental income. Moreover, he asserted that SFCA failed to contact his counsel of record and

---

[1] The judgment was signed on July 30, 2020.

3

proceeded to the entry of the filing of the September 11, 2019 judgment in bad faith, which led to the lower court setting aside said judgment on July 28, 2020. He further alleged that after rendition of the July 2020 judgment, SFCA failed to cancel the inscription of the September 11, 2019 judgment.

In April 2021, the parties filed a joint motion to transfer the case to Civil District Court, which was granted.

The district court conducted a bench trial on August 8, 2022. On the morning of the trial, SFCA filed an exception of prescription. Moreover, at the time of the trial, SFCA sought to recover from Mr. McArdle 73 unpaid condominium assessments equaling $31,395, in addition to 12% interest thereon, equaling $9,286, and $7,200 in late charges, for a total of $47,881.

At the trial, SFCA presented four witnesses: Gayle Boudousquie, SFCA treasurer; Charles Hazouri, SFCA President; Elmer Stretz, the SPCA's maintenance man; and, Linda Gruenfeld, a realtor who manages units in the Spice Factory. Mr. McArdle presented one witness, Samuel Sporer, who is the realtor who manages the Unit. Additionally, Mr. McArdle's testimony, perpetuated via deposition, was admitted.

The district court subsequently rendered judgment on October 8, 2022, overruling SFCA's exception of prescription and awarding SFCA $47,881. In its Judgment, the district court included its reasons for overruling the exception of prescription and ruling in favor of SFCA:

> After considering the pleadings, the testimony of witnesses, the evidence, and the law, the Court finds that

4

the chronic leak was a continuous tort, and thereby Defendant's reconvention was not prescribed. However, the Court further finds that Defendant [Mr. McArdle] failed to prove that he is entitled to recover from the Association in the sum of $69,886 in loss of rental income that he attributes to a chronically leaky roof. In fact, evidence shows the contrary that the property had been leased during the time of the leak. Accordingly, the Court finds in favor of the plaintiff and against Defendants for the failure to pay condominium fees and the special assessment for Hurricane Ida damage. The Court also finds that Defendant failed to prove that he is entitled to recover from the Association in loss of rental income . . .

This timely appeal followed. Mr. McArdle raises three assignments of error: 1.) the district court erred in determining that he failed to prove economic damages resulting from the chronic leaks into the Unit, after finding the existence of "chronic leaking." Alternatively, he argues that if this Court finds SFCA did not breach its duty under La. Rev. Stat. 9:1123.107, the district court erred in failing to find the SFCA breached its duty to repair, maintain or replace the roof as a common element of the Condominium; 2) the district court erred in finding that Mr. McArdle's mitigation of loss by virtue of leasing the Unit for a period of time over a ten-year period of chronic leaks was evidence of his lack of loss of rental income arising from the leaks; and 3) the district court erred in failing to award him damages for his reconventional demand for the bad faith filings by SFCA in entering a default judgment against him on its initial demand in these proceedings.

**Standard of Review**

"It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." *Rosell v. ESCO*, 549 So. 2d 840, 844 (La. 1989). Furthermore, "where there is conflict in the testimony, reasonable evaluations of credibility and

5

reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable." *Id*. at 844-845; see also *Ridgeway v. Pierre*, 06-0521, pp. 9-10 (La. App. 4 Cir. 1/11/07), 950 So. 2d 884, 891.

The Louisiana Supreme Court further set forth that "if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Rosell*, 549 So. 2d at 844. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." *Id*. Moreover, "[c]redibility determinations, including the evaluation of expert testimony, together with the ultimate issue of whether a plaintiff has satisfied his burden of proof are factual issues to be resolved by the trier of fact and will not be disturbed on appeal in the absence of manifest error." *Ferrell v. Minden Family Care Center*, 30,088, p. 3 (La.App. 2 Cir. 12/19/97), 704 So.2d 969, 972.

### Reconventional Demand

Initially we note that the decree portion of the October 10, 2022 judgment is silent as to Mr. McArdle's reconventional demand. Nevertheless, in the judgment and just prior to the decree, the district court states that it found "that Defendant failed to prove that he is entitled to recover from the Association in loss of rental income." This finding appears to be why the district court omitted his reconventional demand from the decree of the judgment.

Moreover, we find the district court's silence as to his bad faith claim is a denial of that claim. "Where [a] judgment is silent with respect to any demand which was an issue in the case under the pleadings, the silence constitutes an

6

absolute rejection of the demand." *Sun Finance Co., Inc. v. Jackson*, 525 So.2d 532, 533 (La.1988). See also *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371, p. 12 (La. 7/1/08), 998 So.2d 16, 26. We now turn to Mr. McArdle's assignments of error.

## Breach of Duty and Loss of Rental Income

Mr. McArdle's first two assignments of error pertain to the district court's denial of his reconventional demand for lost rental income as a result of the SFCA's alleged breach of its statutory duty to replace the roof over the Unit. He contends that pursuant to La. Rev. Stat. 9:1123.107, condominium associations have a duty to repair, maintain or replace the common elements of the condominium.[2] A roof is considered a "common element" under La. Rev. Stat. 1121.103(5). Thus, Mr. McArdle avers SFCA failed to repair, maintain and replace the roof over the Unit, which he avers has been leaking for over a decade. Because the SFCA failed to repair the roof, he contends that it is liable for his loss of rental income under La. Civ. Code art. 1994.[3]

The record, he avers, evidences the SFCA's knowledge of the existence of the water intrusion issues in the Unit beginning in 2010. He relies upon the minutes of a SFCA meetings in September 2014 and May 2015, where it was acknowledged that the roof leaks have been an ongoing recurring issue and where roofer Rick Mithun of Master Builders & Contractors, L.L.C., addressed the SFCA board to suggest an entire roof replacement to resolve the ongoing issues,

---

[2] "Except to the extent provided by the declaration, or R.S. 9:1123.112, the association is responsible for maintenance, repair, and replacement of the common elements, and each unit owner is responsible for maintenance, repair and replacement of his unit." La. Rev. Stat. 9:1123.107.

[3] "An obligor is liable for the damages caused by his failure to perform a conventional obligation. A failure to perform results from nonperformance, defective performance, or delay in performance." La. Civ. Code art. 1994.

respectively. The SFCA board resolved to obtain competitive bids for the job at the May 2015 meeting.

Mr. McArdle contends that despite Mr. Mithun's recommendation, SFCA failed to replace the roof. He asserts that Mr. Hazouri testified at trial that Mr. Mithun's recommendation was not acted upon by the SFCA and Mr. Hazouri further testified that he had no knowledge of whether the SFCA's aforementioned decision to obtain competitive bids to replace the roof was ever acted upon.

Mr. McArdle also argues Mr. Hazouri admitted that: SFCA obtained bids from American Men Roofing, Inc. ("American"), but did not accept its bid to remove the existing flat roof; and he was aware the roof leaks had continued into 2020. Thus, Mr. McArdle avers he met his burden of proof, showing that he was owed a duty pursuant to La. Rev. Stat. 9:1123.107, and SFCA breached said duty.

Pursuant to the Louisiana Condominium Act, "[e]xcept to the extent provided by the declaration, or R.S. 9:1123.112, the association is responsible for maintenance, repair, and replacement of the common elements, and each unit owner is responsible for maintenance, repair and replacement of his unit." La. Rev. Stat. 9:1123.107. The roof in this matter is a common element. However, we find that the district court did not err in determining that SFCA met its statutory duty in this matter based on the record.

The testimony of board members Ms. Boudousquie and Mr. Hazouri, as well as Mr. Stretz, all corroborate invoices showing SFCA paid American a total of $18,036.00 to repair the roof over the Unit in early 2016. The record further evidences that when leaks later occurred in the unit in 2018 and thereafter, SFCA responded by retaining a second roofing company, Schwander Hutchinson

8

Roofing, Inc. ("Schwander"), which discovered the source of leak and made additional repairs.

Mr. Stretz testified that he performs maintenance at the Spice Factory and has done so for seven years. He explained that he retained American to replace the roof over the Unit in early 2016. Mr. Stretz identified invoices from January, February and March 2016, detailing the scope of the roof work, which were admitted into evidence.

He explained that the roof work described at a May 21, 2016 SFCA meeting was discussed as a "temporary repair" because only the roof over the Unit was replaced, as opposed to the roof covering the entirety of units one through seven. He further testified that when new "pop-up" leaks began around April 2018, SFCA retained a second roofer, Schwander, to eliminate the leak located in the corner of the Unit. He explained that Schwander repaired a portion of the roof leading to the drain in the scupper, where the roofers discovered the source of the leak. According to Mr. Stretz, he has not received any reports of leaks since the completion of the 2018 repairs.

Ms. Boudousquie testified that at a May 21, 2016 SFCA meeting a severe leak in the roof over the Unit was discussed. She described that the roof in question is a flat roof covering units one through seven. She related that at this meeting it was discussed that the roofing in this section be replaced with a two-ply roof, and that would then be waterproofed.

She also identified minutes from the September 20, 2014 SFCA meeting which stated that there was an ongoing roof leak over the Unit and Unit 14. The SFCA board agreed to take action to address the ongoing roofing and water leaks at that meeting. She acknowledged that at a May 23, 2015 SFCA meeting, Mr.

Mithun advised the SFCA board that an entire roof placement would be needed in the next 3 to 5 years. She testified that the roof over the Unit was totally replaced in 2016, including the original roof boards.

The aforementioned testimony provided a reasonable basis for the district court to determine SFCA did not breach its obligations under La. Rev. Stat. 9:1123.107, rather SFCA continued to meet its statutory obligations despite Mr. McArdle's failure to pay his share of dues and thus, contribute to the cost of the repairs for his own unit.

Moreover, Mr. McArdle's failure to establish that the SFCA breached its duty precludes him from recovering damages from SFCA. As SFCA notes, even if he had established that SFCA breached its statutory duties, Mr. McArdle could not recover economic damages because he did not establish he suffered monetary losses.

In support of his claim for lost rental income, Mr. McArdle submitted a spreadsheet detailing his alleged losses in rental income from 2014 through 2021, which shows a total $69,886.00. However, the testimony of Mr. McArdle and Mr. Sporer established that there were time gaps where the Unit remained vacant between leases because Mr. McArdle failed to promptly list the Unit for rent prior to or at the time a prior tenant's lease expired.

Additionally, there are date discrepancies between the spreadsheet and the leases he provided to the SFCA, where the spreadsheet notes loss of rental income to Mr. McArdle when in fact the Unit had been re-leased to another tenant. As Ms. Boudousquie testified, Mr. McArdle requests monetary damages in some instances where there was a tenant in the Unit from whom he had collected rent. Lastly, Mr. McArdle testified he has lived in the Unit intermittently, when the Unit was not

leased. He further stated that Peyton Crawford, who left the Unit in 2021, was his last tenant. He admitted that he chose to leave the Unit vacant after Crawford's tenancy because he wants to have resolution of the instant lawsuit, the liens, condominium, association, fees, and the roof leak.

For the foregoing reasons, we find Mr. McArdle's assignments of error pertaining to SFCA's alleged breach of its statutory duty and his claim for damages are without merit.

## Bad Faith Filing

In his final assignment of error, Mr. McArdle asserts the district court erred in failing to award damages for his reconventional demand for the alleged bad faith filings made by SFCA in First City Court, when it entered a default judgment against him on its initial demand.

Mr. McArdle, as stated above, asserted that the SFCA failed to contact his counsel of record and proceeded to pursue the entry of a default judgment on September 11, 2019, in bad faith. He avers that despite acknowledging in its petition that he was a resident of Orleans Parish, SFCA unsuccessfully attempted to serve him pursuant to the Louisiana Long Arm Statute, La. Rev. Stat. 13:3201, et seq. He contends SFCA then sought the appointment of a curator before the default judgment was rendered, which was later set aside in the First City Court's July 28, 2020 judgment. Mr. McArdle alleges that after rendition of the July 28th judgment, the SFCA failed to cancel the inscription of the September 11, 2019 judgment.

He further contends that SFCA has communicated with his attorney in bad faith. Mr. McArdle alleges SFCA failed to apprise the Curator of his attorney's communications with its various attorneys. Additionally, he avers that his attorney

contacted SPFCA's counsel via letter three months prior to the September 2019 judgment being rendered, asking that no adverse actions be taken against Mr. McArdle. The SFCA's alleged bad faith, he claims, led to him filing the Petition for Nullity in response to the alleged aforementioned actions of the SFCA

The record shows SFCA attempted to serve Mr. McArdle both at the Unit and through long-arm service at a post office box address in Park City, Utah as well as a physical address in Houston, Texas. The record also includes emails between Mr. McArdle's counsel and the various attorneys who represented SFCA from 2017 to 2019.

Nevertheless, the district court's denial of Mr. McArdle's reconventional demand for the alleged bad faith filings is not manifestly erroneous. The district court had a reasonable basis for determining SFCA was not operating in bad faith, considering SFCA attempted to serve Mr. McArdle at multiple addresses, hired a detective to locate him and ultimately had a Curator appointed to locate him to represent his interests. Although a different trier of fact may have reached another conclusion, we find that the district court's denial of this claim is reasonable in light of the record review in its entirety. *Rosell,* 549 So. 2d at 844. This assignment of error is without merit.

## DECREE

For the foregoing reasons, the October 22, 2022 judgment of the district judgment, awarding the Spice Factory Condominium Association, $47,881 for past due condominium fees and a special assessment for Hurricane Ida damage, is affirmed.

**AFFIRMED**