986 So.2d 222 (2008)
Frances CHISLEY, Individually and in her Capacity as the Natural Tutrix of her Minor Child, Latoya Chisley, Plaintiff-Appellant,
v.
Michael SMITH and Nobel Insurance Company, Defendants-Appellees.
No. 43,312-CA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
*223 Raymond L. Cannon, Tallulah, for Appellants.
Herman Williams, Jr., Pro Se Appellee.
Hailey, McNamara, Hall, Larmann & Papale by W. Glenn Burns, Lauren Brisbi, Metairie, for Appellee, Executive Risk Speciality Insurance Company.
McCranie, Sistrunk, Anzelmo, Hardy, Maxwell & McDaniel by Peter J. Wanek, Metairie, for Appellee, Michael Smith.
Before PEATROSS, DREW and LOLLEY, JJ.
LOLLEY, J.
Frances Chisley, individually and on behalf of her minor child, Latoya Chisley ("Chisley"), appeals a judgment by the Sixth Judicial District Court, Parish of Madison, State of Louisiana, which granted the exceptions of no right of action and *224 prescription filed by Executive Risk Specialty Insurance Company ("ERSIC"). For the following reasons, we affirm.

FACTS
On March 7, 2001, Frances Chisley's minor child, Latoya, was allegedly struck by a car driven by Michael Smith. As a result of the accident, Latoya suffered a sprained arm. Chisley filed suit on July 25, 2001, against Smith and his insurer, Nobel Insurance Company ("Nobel"), which answered the suit denying all allegations, specifically answering that no policy of insurance existed.
Nobel filed a motion for summary judgment. In its motion for summary judgment, Nobel noted that an application for insurance had never been submitted nor a policy issued for Smith. Further, Nobel claimed that the vehicle was owned by Jimmy (a/k/a Jimmie) Crockett and Annie Jackson. According to Nobel, at the time of the accident, there had been no application submitted or policy issued to Crockett and/or Jackson. In connection with its motion for summary judgment, Nobel further claimed that on July 25, 2001, after the accident occurred, an application was taken by Herman Williams, purportedly an insurance agent, on behalf of Crockett; however, no policy was ever issued on behalf of Crockett, Jackson, or Smith. According to Nobel, Williams had been ordered to cease and desist from conducting business by the Louisiana Insurance Commission in May 2001 because of alleged violations of the Louisiana Insurance Code. Ultimately, Nobel's motion for summary judgment was denied. Later, Nobel settled with Chisley, and it is out of the litigation.
On October 22, 2003, Chisley filed her first supplemental petition and named "Williams, d/b/a Williams & Williams Insurance Agency d/b/a Williams & Williams Insurance Company" ("Williams Insurance") as another defendant in the litigation. Later, on July 31, 2006, Chisley filed its second supplemental and amending petition for damages, naming ERSIC as a defendant. ERSIC was the liability insurer of Williams Insurance. ERSIC later filed exceptions of no right of action, no cause of action, and prescription in response to Chisley's claims against it. ERSIC maintained that:
 Chisley had no right of action against its insured, Williams Insurance, for its alleged failure to procure proper insurance coverage for Smith, because Williams Insurance owed no duty to Chisley to secure proper coverage for Smith;
 Chisley had no cause of action against it because the policy at issue was a "Claims Made and Reported Policy," and a claim was not made or reported to ERSIC at any time during the effective policy period, and, thus, the subject policy was inapplicable to the present action; and,
 Chisley's claims against ERSIC had prescribed, because the second supplemental amending petition naming ERSIC as a defendant did not relate back to the original date of filing.
The trial court granted ERSIC's exceptions of no right of action and prescription and deferred the exception of no cause of action. Chisley's claims against ERSIC were dismissed, and this appeal by Chisley ensued.

DISCUSSION
On appeal, Chisley raises one assignment of error, wherein she erroneously states that the trial court sustained ERSIC's exceptions of no right of action and no cause of action and deferred the exception of prescription. The trial court's judgment clearly granted the exceptions of no right of action and prescription and *225 deferred the exception of no cause of action. Despite Chisley's error, we will review the trial court's judgment as rendered in favor of ERSIC and against Chisley.

Exception of No Right of Action
Generally, an action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681; Industrial Companies Inc. v. Durbin, XXXX-XXXX (La.01/28/03), 837 So.2d 1207. The purpose of the peremptory exception of no right of action is to determine whether a plaintiff has a real and actual interest in an action or belongs to a particular class to which the law grants a remedy for a particular harm alleged. Richland Parish Police Jury v. Debnam, 42,421 (La.App.2d Cir.10/17/07), 968 So.2d 294, writ denied, XXXX-XXXX (La.03/24/08), 977 So.2d 953. "The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923. The exception of no right of action is directed to showing that a plaintiff has no legal right or interest in enforcing the matter asserted, based upon the facts and evidence submitted. La. C.C.P. art. 927; Richland Parish Police Jury, supra. The determination of whether a plaintiff has a right of action is a question of law; accordingly, we review exceptions of no right of action de novo. Id.
In its exception of no right of action, ERSIC argued that under Louisiana law, a tort victim has no right of action against a tortfeasor's insurance agent or broker for the latter's alleged failure to procure adequate, sufficient or proper insurance coverage for the tortfeasor. This court has determined that the tortfeasor's insurance agent owes no duty to the tort victim to secure insurance coverage. Elmore v. Kelly, 39,080 (La.App.2d Cir.12/15/04), 889 So.2d 1173. The agent's duty to use due care in procuring proper insurance coverage for the insured tortfeasor arises from the agreement between them and does not encompass the risk of harm to the third party victim who seeks to proceed directly against the agent who failed in his duty to secure proper coverage for the insured. Moreover, this court does not recognize a third party victim's right of action against a tortfeasor's insurance agent for failing to procure the proper insurance coverage. Id., citing, Huffman v. Goodman, 33,647 (La.App.2d Cir.08/23/00), 766 So.2d 651; Campbell v. Continental-Emsco Co., 445 So.2d 70 (La. App. 2d Cir.1984), writ denied, 446 So.2d 1223 (La.1984).
Here, Chisley claims that Williams, ERSIC's insured, acted negligently in failing to procure insurance for Smith, the tortfeasor, which would have served to protect the victims in this matter. However, and unfortunately for the appellant, the jurisprudence is well settled on this issue. There is no right of action against Williams, and ERSIC as his insurer, for such a claim. Although the record does not contain the trial court's reasons for judgment, it is clear that the ruling was not in error. Accordingly, we conclude that the exception of no right of action was properly sustained and Chisley's claims against ERSIC properly dismissed.

Exception of Prescription
Here, the trial court's judgment indicates a prescription hearing was conducted on ERSIC's exception, wherein the trial court considered evidence and argument of the parties. If evidence is introduced at the hearing on the peremptory exception of prescription, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. Alexander v. Fulco, 39,293 (La. *226 App.2d Cir.02/25/05), 895 So.2d 668, writ denied, XXXX-XXXX (La.05/06/05), 901 So.2d 1107, citing Carter v. Haygood, XXXX-XXXX (La.01/19/05), 892 So.2d 1261. Based upon our review of the record, the trial court was not clearly wrong in sustaining the exceptions of prescription.
As noted by ERSIC, Chisley's lawsuit originally was commenced on July 25, 2001, Williams Insurance was not added until October 22, 2003, and ERSIC was not added until July 31, 2006-five years after the original filing of the litigation. We agree with ERSIC that the last supplemental petition does not relate back in time to the date of filing of the original petitioni.e., La. C.C.P. art. 1153 does not apply in this case. Louisiana C.C.P. art. 1153 provides that, "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
In Ray v. Alexandria Mall, Through St. Paul Property & Liability Ins., 434 So.2d 1083 (La.1983), the supreme court established four criteria to be utilized in determining whether an amendment changing the identity of the party sued relates back to the date of filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading.
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits.
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him.
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Pretermitting a discussion of the first three elements of the Ray test, we conclude that the fourth element (i.e., the purported substitute defendant must not be a wholly new or unrelated defendant) has not been met in this matter as there is no connexity between Chisley and ERSIC. Notably, ERSIC has absolutely no relationship to the original parties of the litigation, Chisley and Smith, and/or the incident that triggered said litigation, Smith's hitting Latoya with his vehicle. ERSIC's tenuous connection with this litigation is by virtue of its insured, Williams Insurance, and its alleged connection to Smith. Clearly, the addition of such a peripheral party is tantamount to asserting a new cause of action (i.e., for Williams' actions), which is obviously otherwise prescribed. Chisley's second supplemental and amending petition does not relate back to the original petition. Therefore, her action against ERSIC has prescribed, and the exception of prescription was properly granted.

CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining the exceptions of no right of action and prescription are affirmed. All costs of these proceedings are assessed to Frances Chisley, individually and on behalf of her minor child, Latoya Chisley.
AFFIRMED.