PITMAN, J.
|! Appellant, Parvin Hosseini, appeals the trial court’s granting of an exception of no right of action filed by Appellee, New York Life Insurance and Annuity Corporation (“New York Life”). For the following reasons, we affirm.

*441
FACTS

Majid Lalehparvaran obtained a $500,000 life insurance policy as part of a business venture. Mr. Lalehparvaran was the owner of the policy and a limited liability company in which he owned an interest paid the premiums.
In 2003, Mr. Lalehparvaran was interdicted, and his wife, Anabel S. Lalehpar-varan,[1] was named curatrix.
In 2008, the limited liability company made plans to liquidate and would no longer pay the premiums on the life insurance policy. The Lalehparvarans allegedly could not afford to pay the premiums. Instead of allowing the policy to lapse and be terminated, Azim Jalaldin and Bal K. Da-hal[2] agreed to acquire ownership of the policy and pay the premiums. As the then-curatrix of Mr. Lalehparvaran, Mrs. Lalehparvaran filed a petition for authority to convert the existing life insurance policy into a new policy with the following beneficiaries: Mrs. Lalehparvaran 34%, Mr. Jalaldin 33% and Mr. Dahal 33%. The trial court granted the petition and authorized Mrs. Lalehparvaran on behalf of Mr. Lalehparvaran to execute any documents to convert the life insurance policy as requested. The life insurance policy was converted from a term life policy to a whole life policy Rwith Mr. Jalaldin and Mr. Dahal as owners and Mrs. Lalehpar-varan, Mr. Jalaldin and Mr. Dahal as beneficiaries.
In July 2011, Mrs. Lalehparvaran was removed as curatrix and replaced by Mrs. Hosseini, the sister of Mr. Lalehparvaran.
On September 7, 2012, Mrs. Hosseini filed a petition to cancel the insurance policy. Mrs. Hosseini alleged that Mrs. Lalehparvaran neglected Mr. Lalehparvar-an and tried to starve him to death so that she could collect on the life insurance policy. Mrs. Hosseini also argued that Mr. Jalaldin and Mr. Dahal have no insurable interest in the life of Mr. Lalehparvaran and that the insurance policy is, therefore, unlawful and unenforceable.
On October 26, 2012, New York Life filed a peremptory exception of no right of action. New York Life argued that Mrs. Hosseini is not a party to the life insurance policy and, thus, does not have the authority to cancel the policy. On November 2, 2012, Mr. Jalaldin and Mr. Dahal filed an exception of no cause of action.
On January 29, 2013, a hearing was held on the exceptions of no right of action filed by New York Life and of no cause of action filed by Mr. Jalaldin and Mr. Dahal. At this hearing, New York Life argued that, as curatrix, Mrs. Hosseini does not have the right to request cancellation of the life insurance policy because she is not the owner of the policy. New York Life stated that Mrs. Hosseini’s allegations that Mrs. Lalehparvaran neglected and starved Mr. Lalehparvaran do not provide a basis for cancelling the policy. Mr. Jalaldin and Mr. Dahal argued that they do have an insurable interest in the policy because they paid the policy premiums for over four years. Mrs. Hosseini argued that she is able to request the ^cancellation of the insurance policy because, as curatrix, she stands in the shoes of Mr. Lalehparvaran. Mrs. Hosseini also asserted that Mr. Jalal-din and Mr. Dahal’s exception of no cause of action should also be dismissed because they misrepresented facts to New York Life and should not be able to benefit from Mr. Lalehparvaran’s death. Mrs. Hosseini *442 requested that the trial court cancel the policy or change the beneficiaries of the policy because the trial court erred in allowing Mrs. Lalehparvaran to convert the policy in 2008. Stating that only the owners of the policy have the authority to make changes to the policy, the trial court found that Mrs. Hosseini was not an owner of the policy and, therefore, had no right of action to request cancellation of the policy. The trial court granted the exceptions of no right of action and no cause of action.
On February 8, 2013, the trial court signed a judgment maintaining both the peremptory exceptions of no right of action and no cause of action. The trial court also dismissed, with prejudice, Mrs. Hos-seini’s claims against New York Life, Mrs. Lalehparvaran, Mr. Jalaldin and Mr. Da-hal.
Mrs. Hosseini appeals the trial court’s granting of New York Life’s peremptory exception of no right of action.[3]

DISCUSSION

Mrs. Hosseini argues that the trial court erred in granting New York Life’s peremptory exception of no right of action, contending that she does |4have the right of action to request the cancellation of the life insurance policy because she is the curatrix of the interdict whose life is covered by the insurance policy. Mrs. Hos-seini also argues that Mrs. Lalehparvaran, Mr. Jalaldin and Mr. Dahal do not have insurable interests in the life of Mr. Laleh-parvaran; and, therefore, the ruling of the trial court violates public policy because it favors three persons who will benefit from the death of Mr. Lalehparvaran, but do not benefit from his life.
New York Life argues that the trial court properly maintained the peremptory exception of no right of action. It contends that only the parties to the insurance contract, i.e., the policy owners and the insurance company, have the authority to cancel the policy or change the beneficiaries. New York Life explains that the policy is clear that the policy owners are Mr. Jalaldin and Mr. Dahal and that they possess all the rights of ownership, including the authority to cancel the policy or to change the beneficiaries. It also asserts that Mr. Lalehparvaran’s status as the insured does not provide him with the right of action to cancel the policy or to change the beneficiaries.
New York Life further argues that Mrs. Hosseini, as curatrix, is not entitled to demand that the insurer cancel the life insurance policy based on the ground that the beneficiaries lack insurable interests. It states that a beneficiary of a life insurance policy must have an insurable interest at the time when the life insurance policy contract is made. New York Life explains that, when a contract is made in violation of this requirement, the remedy is an action against the recipient of any benefits paid under the contract. It contends that, although Mr. Lalehparvaran’s representatives may [shave a future action against a recipient of the policy’s death benefits, La. R.S. 22:901 does not grant Mrs. Hosseini a right of action against New York Life to seek cancellation of the life insurance policy-
The function of a peremptory exception of no right of action is to determine whether a plaintiff has a real and actual interest in an action or belongs to a particular class to which the law grants a remedy for a particular harm alleged. Chisley v. Smith, 43,312 (La.App.2d Cir.6/4/08), 986 So.2d 222, citing Richland *443 Parish Police Jury v. Debnam, 42,421 (La.App.2d Cir.10/17/07), 968 So.2d 294, writ denied, 08-0016 (La.3/24/08), 977 So.2d 953. The determination of whether a plaintiff has a right of action is a question of law and is reviewed de novo on appeal. Id.
An insurance policy is a contract between the parties and should be interpreted by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Louisiana Ins. Guar. Ass’n v. Interstate Fire & Cas. Co., 630 So.2d 759 (La.1994); Smith v. Matthews, 611 So.2d 1377 (La.1993). Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law. La. C.C. art. 1988. Interpretation of a contract is the determination of the common intent of the parties. La. C.C. art. 2045.
A life insurance policy is a contract between the owners of the policy and the insurance company. The life insurance policy at issue states, in pertinent part, that:
WE & YOU In this policy, the words “we”, “our” or “us” refer to New York Life Insurance and Annuity Corporation, and the words “you” or “your” refer to the Owner of this policy.
2.1 Owner The owner of this policy is shown on the Policy Data page. In this policy, the words “you” and “your” refer to the owner.
2.5 Change Of A Beneficiary While the Insured is living, you can change a beneficiary by notifying us in writing. The notice must clearly state the beneficiary designation, be signed by you, and include the policy number and the name of the Insured.
8.1 Entire Contract The entire contract consists of this policy, any attached riders or endorsements, and the attached copy of the application. Also, any application used to apply for increases in the policy Face Amount will be attached to and made a part of this policy. Only our Chairman, President, Secretary, or one of our Vice Presidents is authorized to change the contract, and then, only in writing. No change will be made to this contract without your consent. No agent is authorized to change this contract.
Among the rights of ownership set forth in the policy are the rights to surrender or cancel the policy and to change the beneficiary.
When the life insurance policy was converted in 2008, Mr. Jalaldin and Mr. Dahal became the owners of the policy and are listed on the policy as the owners. As owners of the policy, Mr. Jalaldin and Mr. Dahal have the authority to cancel the policy and change the beneficiaries of the policy. When the policy was converted in 2008, Mr. Lalehparvaran was removed as the owner of the policy and does not maintain the rights of ownership under the new policy.
The status as the insured does not make the insured a party to the contract and does not give the insured the rights of ownership. Neither Mr. Lalehparvaran as the insured, nor Mrs. Hosseini as his cura-trix, has the authority to cancel the life insurance policy or change its beneficiaries. Therefore, Mrs. Hosseini does not have a right of action to challenge the life insurance policy, and we find that the trial court did not err in granting New |7York Life’s peremptory exception of no right of action.
*444 As to the requirement that beneficiaries have an insurable interest, La. R.S. 22:901 states, in pertinent part, that:
A. Any individual of competent legal capacity may procure or effect an insurance contract upon his own life or body for the benefit of any person; however, no person shall procure or cause to be procured any insurance contract upon the life or body of another individual unless the benefits under such contract are payable to the individual insured or his personal representatives, or to a person having, at the time when such contract was made, an insurable interest in the individual insured.
B. If the beneficiary, assignee, or other payee under any contract made in violation of this Section receives from the insurer any benefits under the contract accruing upon the death, disablement, or injury of the individual insured, the individual insured or his executor or administrator, as the case may be, may maintain an action to recover such benefits from the person receiving them.
Pursuant to La. R.S. 22:901, the proper time for the insured or his executor or administrator to raise the argument that a beneficiary did not have an insurable interest is when the beneficiary has received benefits from the policy. To this court’s knowledge, the beneficiaries have not received any benefits from the life insurance policy. Therefore, no one, including Mrs. Hosseini, has the right of action at this time to challenge the policy on the grounds that the beneficiaries lack an insurable interest.
Accordingly, this assignment of error lacks merit.

CONCLUSION

For the foregoing reasons, the judgment of the trial court granting the exception of no right of action in favor of Appellee, New York Life Insurance and Annuity Corporation, and against Appellant, Parvin Hosseini, is affirmed. Costs of this appeal are assessed to Appellant, Parvin Hosseini.
1 «AFFIRMED.

. It is unclear from the record if Mr. and Mrs. Lalehparvaran are still married. Mrs. Hos-seini states that they are divorced.

. Mr. Jalaldin is a former business associate of Mr. Lalehparvaran. Mr. Dahal is the husband of Mrs. Lalehparvaran’s sister.

. Mrs. Hosseini does not appeal the trial court's granting of Mr. Jalaldin and Mr. Da-hal's peremptory exception of no cause of action.