STEWART, J.
| tIn this appeal, defendants, Naiman Carroll (“Carroll”) and Safeway Insurance Company (“Safeway”), are appealing the trial court’s judgment rendered in favor of Shanedra (“Reed”). For the reasons set forth in this opinion, we reverse.
FACTS AND PROCEDURAL HISTORY
On September 28, 2011, the original plaintiffs, Jasine Hubbard (“Hubbard”) and Reed, filed suit for damages against Safeway and Carroll, for injuries resulting from a two-vehicle accident. This accident, which occurred on September 29, 2010, took place at the intersection of Louisville Avenue and North 18th Street in Monroe, Louisiana.
Initially, Hubbard and Reed alleged that Carroll was the driver of one of the vehicles involved in the accident, and that they were passengers in the vehicle that Carroll was operating. As a result, they asserted that Carroll’s insurer, Safeway, was liable for their damages. Safeway answered the petition, denying any fault and/or liability, and affirmatively asserting that Hubbard was the non-permissive driver of the vehicle. Carroll and Reed were the actual passengers. Hubbard’s claim was dismissed on August 1, 2013, after she failed to answer discovery prior to trial. The pleadings were never amended to name Hubbard as a defendant.
The trial took place on January 30, 2014. Carroll testified that the vehicle that they were traveling in at the time of the accident was her mother’s vehicle. She confirmed that Hubbard was driving the vehicle. Carroll also testified that Hubbard was attempting to make a left turn, and *775 that the arrow signal turned yellow as she was turning.
[ 2Reed also testified that Hubbard was driving when the accident occurred, and that “she was doing everything she was supposed to do.” She further testified that she was sitting in the back seat of the vehicle, on the passenger’s side.
The trial court concluded that Hubbard’s negligence in failing to keep a proper lookout while making a left-hand turn was the sole cause of the accident. It found Safeway liable to Reed for special damages incurred as a result of the accident, as well as general damages in the amount of $10,000.00, plus interest.
On January 5, 2015, Carroll and Safeway (“collectively referred to as the “appellants”) have filed the instant appeal, asserting three assignments of error. The appellants also filed an exception of no right of action, which we refer to the merits of this appeal.
LAW AND DISCUSSION

Direct Action Statute

The appellants argue that the trial court erred in assigning 100% fault to Hubbard, a nonparty, and then casting them with liability to Reed for Hubbard’s fault. The appellants further assert that the trial court erred in finding Safeway liable to Reed pursuant to the direct action statute. Since these assignments of error are interrelated, we will discuss them together.
The appellants argue that in order for them to be liable for Hubbard’s fault and negligence, Hubbard must be an insured pursuant to their policy. As mentioned above, Hubbard was dismissed from this matter for failing to |scomply with diseov-ery. The pleadings were never amended to name Hubbard as a defendant.
The trial court rendered judgment against Safeway only. Safeway’s insured, Yulonda Carroll (“Yulonda”), the owner of the vehicle and Carroll’s mother, was not made a party in this matter. Additionally, the policy included a one-page exclusion of coverage regarding Carroll.
La. R.S. 22:1269(B)[1], also known as the direct action statute, provides as follows:
(B)(1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure art. 42 only; however, such action may be brought against the insurer alone only when at least one of the following applies:
(a) The insured has been adjudged bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insurer bankrupt have been commenced before a court of competent jurisdiction.
(b) The insured is insolvent.
(c) Service of citation or other process cannot be made on the insured.
(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
]4(e) When the insurer is an uninsured motorist carrier.
(f) The insured is deceased.
*776 Courts in this state have held that direct actions against an insurer alone are strictly limited to the enumerated circumstances listed in La. R.S. 22:1269(B). White v. State Farm, 2003-0754 (La.App. 4th Cir.11/26/03), 862 So.2d 263; Foltmer v. James, 2001-1510 (La.App. 4th Cir.9/12/01), 799 So.2d 545, writ denied, 2001-2777 (La.1/4/02), 805 So.2d 213. Here, Reed did not produce any evidence that Yulonda had been adjudged bankrupt by a court of competent jurisdiction, that Yulonda was insolvent, that service of citation or other process could not be made on Yulonda, or that Yulonda was deceased.
In its written reasons for judgment, the trial court stated:
This Court, having taken testimony in this matter and thoroughly reviewed the evidence presented, concludes that the sole cause of the accident was the negligence of Jasine Hubbard in failing to keep a proper lookout prior to negotiating a left-hand turn at the intersection of Louisville Avenue and North 18th Street in Monroe, Louisiana.
The testimony of Naiman Carroll, the front-seat passenger, vividly detailed the sequence of events that transpired immediately before the accident, thereby placing Ms. Hubbard at fault. Her testimony was determined to be more credible.
The Court thus finds that the Defendants, Safeway Insurance Company of Louisiana, the insurer of the vehicle that was involved in the automobile accident, and Naiman Carroll, the insured[2], are liable unto the Petitioner, Shanedra Reed, for damages.
Lin its judgment, the trial court further stated:
This Court finds that the Defendant, Safeway Insurance Company, is liable unto the Petitioner [Reed] for all special damages incurred as a result of the automobile accident. Further, general damages are to be awarded in the full amount of TEN THOUSAND ($10,-000.00) AND 00/100 DOLLARS, with interest.
We note that the record in this matter does not contain an accident report, nor does it contain photos of the intersection or the vehicles involved in the accident. Nevertheless, the trial court concluded, while finding Carroll’s testimony more reliable, that the sole cause of the accident was Hubbard’s negligence “in failing to keep a proper outlook prior to negotiating a left-hand turn at the intersection of Louisville Avenue and North 18th Street in Monroe, Louisiana.” Carroll testified that Hubbard was attempting to make a left hand turn, and that the arrow signal turned yellow as she was turning. No evidence was presented regarding the actions of the other driver.
In White v. State Farm, supra, plaintiffs Sophia White and Philomena White (collectively referred to as “plaintiffs”) filed suit against State Farm Insurance Company (“State Farm”), State Farm’s policyholder, Dennis Armitage (“Armitage”), Allstate Insurance Company (“Allstate”), and Allstate’s insured driver, Terrance Clark (“Clark”), seeking damages for injuries they sustained from an automobile collision. The plaintiffs were passengers in Clark’s vehicle. As trial was concluding, State Farm and Armitage moved for an involuntary dismissal of Armitage pursuant to La. C.C. Pr. art. 1672, arguing that he was not negligent in causing the accident |fibecause he was the owner and policyholder, not the drivei', of the insured *777 vehicle. The trial court granted Armi-tage’s dismissal. State Farm subsequently moved for the trial court to grant it an exception of no right of action and/or dismissal pursuant to La. R.S. 22:655(B).[3] Counsel for the plaintiffs opposed this exception, and moved that the court grant it permission to amend the original petition to name Armitage as a defendant. The trial court denied State Farm’s exception of no right of action and/or dismissal, and granted the plaintiffs’ request to amend their original petition. The trial court found State Farm’s insured 100% liable for the accident, but rendered judgment against State Farm only in favor of the plaintiffs. The plaintiffs did not amend their original petition to add Armitage as a defendant until approximately 4⅜ months after the judgment was rendered. State Farm appealed, and the fourth circuit reversed the trial court’s judgment after finding that the trial court erred in allowing the plaintiffs to amend their petition not only after the trial, but after judgment had been rendered.
Similar to White, supra, when Reed failed to name Yulonda as a defendant in this matter, her claim against Safeway became a direct action pursuant to La. R.S. 22:1269(B). As in White, supra, Reed failed to prove any of the enumerated circumstances in accordance with the statute. Because the requirements for filing a direct action against the insurer only have not been met in the instant case, the trial court improperly found 17Safeway liable to Reed for damages incurred as a result of the automobile accident.

Exception of no Right of Action

Generally, an action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681; Industrial Companies Inc. v. Durbin, 2002-0665 (La.1/28/03), 837 So.2d 1207; Chisley v. Smith, 43,312 (La.App.2d Cir.6/4/08), 986 So.2d 222. The purpose of the peremptory exception of no right of action is to determine whether a plaintiff has a real and actual interest in an action or belongs to a particular class to which the law grants a remedy for a particular harm alleged. Richland Parish Police Jury v. Debnam, 42,421 (La.App.2d Cir.10/17/07), 968 So.2d 294, writ denied, 2008-0016 (La.3/24/08), 977 So.2d 953; Chisley, supra. The function of the peremptory exception is to have the plaintiffs action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action. La. C.C.P. art. 923. The exception of no right of action is directed to showing that a plaintiff has no legal right or interest in enforcing the matter asserted, based upon the facts and evidence submitted. La. C.C.P. art. 927; Richland Parish Police Jury, supra. The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to the submission of the case for a decision, and if proof of the ground of the exception appears of record. La. C.C.P. art 2163. The determination of whether a plaintiff has a right of action is a question of law; accordingly, we preview exceptions of no right of action de novo. Richland Parish Police Jury, supra.
In this appeal, the appellants have filed a peremptory exception of no right of action pursuant to La. C.C.P. art. 2163. Finding merit in the appellants’ argument that the trial court erroneously held Safeway liable for the fault of Hubbard, under the direct action statute, La. R.S. 22:1269, for the reasons stated above, we sustain the appellant’s peremptory exception of no right of action.
*778 CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and set aside. This court orders that the exception of no right of action be sustained, and this action against Safeway dismissed. The costs of this appeal are assessed against the appel-lee, Shanedra Reed.
REVERSED; EXCEPTION SUSTAINED.

. Renumbered from R.S. 22:655 by Acts 2008, No. 415, § 1, eff. Jan. 1, 2009.

. The trial court erroneously named Naiman Carroll as the insured. The policy contains a one-page exclusion of coverage regarding her. Yulonda, is the actual insured.

. This statute is currently La. R.S. 22:1269(B).