STONE, J.
|,J. Lillian Watson and James David Watson, Jr. appeal a judgment of the 26th Judicial District- Court, Parish of Bossier, State of Louisiana, which granted W. Jarred: Franklin’s peremptory exceptions of no right of action. For the reasons stated herein, we affirm.
FACTS AND PROCEDURAL BACKGROUND
On May 12, 2013, J. Lillian Watson (‘Watson”) slipped and fell down a flight of stairs while visiting a home owned by Lisa Rogers in New' Orleans, Louisiana. On August 8, 2013, Watson met with W. Jarred Franklin (“Franklin”) and informed him of the accident, including information about the owner of the property and the resulting injuries. On August 29, 2013, Watson and Frankiin executed an attorney retainer agreement where Franklin would receive a contingency fee for representing Watson in her action for damages resulting from the accident. The attorney retainer agreement reserved to Franklin the right to terminate the agreement at any time following investigation, discovery, and legal research.
After . investigating Watson’s, claim, Franklin informed Watson by a letter, dated March 18, 2014, of the many issues with her case and his decision to terminate the attorney retainer agreement (the “disengagement letter”). In the letter, Franklin advised Watson to seek the advice of another attorney and that her claim would prescribe on May 12,- 2014. According to Watson, she never received the letter. No petition for damages was ever filed on Watson’s behalf,, and her claim stemming from the accident prescribed. On June 23, 2014, Watson met with Franklin in person, 12and asserts it was the first time she was informed that Franklin was not filing a lawsuit on her behalf.
' Subsequently, Watson and her husband, James ■ David Watson, Jr., (“Plaintiffs”) filed a legal malpractice lawsuit against Franklin for the following reasons: 1) failing to file suit while he was Watson’s attorney; 2) failing to advise Watson that her husband had -a 'consortium claim; and, 3) failing to notify Watson that he was not going to pursue her claim. Plaintiffs argued that Franklin’s legal malpractice denied them the opportunity to recover damages from Lisa Rogers and her insurance company.
In response, Franklin filed peremptory exceptions of no right of action against Plaintiffs. Franklin included the disengagement letter sent to Watson as evidence that an attorney-client relationship did not exist at the time Watson’s' claim prescribed. In their opposition to Franklin’s exceptions, Plaintiffs included an affi *180 davit executed by Watson stating that she never received the disengagement letter.
After a hearing, the trial court determined that at the time Watson’s claim prescribed, an attorney-client relationship did not exist between Franklin and Watson.[1] The trial court signed a written judgment granting Franklin’s exceptions and dismissing Plaintiffs’ legal malpractice claims. Plaintiffs now appeal Watson’s right of action against Franklin.
DISCUSSION
First, Plaintiffs argue that the trial court erred by relying on the disengagement letter in finding that Watson had no right of action against Franklin. According to Franklin, evidence that he terminated the attorney-kclient relationship, including the disengagement letter and his own testimony, is admissible in determining whether Watson possessed a right of action against him.
Generally, an action can only be brought by a.person having a real and actual interest which he asserts. La. C.C.P. art. 681; Industrial Companies Inc. v. Durbin, 2002-0665 (La.01/28/03), 837 So.2d 1207, 1216; Hubbard v. Carroll, 49,879 (La.App.2d Cir.08/19/15), 174 So.3d 773, 777. The purpose of the peremptory exception of no right of action is to determine whether a plaintiff has a real and actual interest in an action or belongs to a particular class to which the law grants a remedy for a particular harm alleged. The burden of proof of establishing the exception of no right of action is on the exceptor. Campbell v. Nexion Health at Claiborne, Inc., 49,150 (La.App.2d Cir.10/1/14), 149 So.3d 436, 440. The determination of whether a plaintiff has a right of action is a question of law. Hubbard v. Carroll, supra. Accordingly, we review exceptions of no right of action de novo.
Unlike the exception of no cause of action, evidence is admissible on trial of an exception of no right of action in order to determine whether the plaintiff is legally invested with the right to stand in judgment. Richland Par. Police Jury v. Debnam, 42,421 (La.App.2d Cir.10/17/07), 968 So.2d 294, 300, writ denied, 2008-0016 (La.03/24/08), 977 So.2d 953. To establish a claim for legal malpractice, a plaintiff must prove: 1) the existence of an attorney-client relationship; 2) negligent representation by the attorney; and, 3) loss caused by that negligence. MB Indus., LLC v. CNA Ins. Co., 2011-0303 (La.10/25/11), 74 So.3d 1173, 1184. The existence of Ran attorney-client relationship turns largely on the client’s subjective belief that it exists. Louisiana State Bar Ass’n v. Bosworth, 481 So.2d 567, 571 (La.1986). However, this subjective belief must be a reasonable one. Keith v. Keith, 48,919 (La.App.2d Cir.05/15/14), 140 So.3d 1202, 1208.
It is proper to hear testimony on an exception of no right of action. At the hearing, Franklin testified that he entered into a standard attorney retainer agreement that allowed him to disengage from the attorney-client relationship with Watson after further investigation into her claim. Franklin submitted the disengagement letter and testified that he properly addressed and mailed it to Watson prior to her claim prescribing on May 12, 2014. Watson’s right of action in legal malpractice against Franklin is dependent on the existence of an attorney-client relationship. Thus, the trial court did not err in considering the disengagement letter.
*181 Second, Plaintiffs argue that Watson’s affidavit refuted Franklin’s assertion that- a disengagement letter was sent to her. However, Franklin contends that the affidavit was insufficient to prove that an attorney-client relationship existed at the time Watson’s claim prescribed.
Whether an attorney-client relationship existed between Watson and Franklin is a factual determination underlying the legal issue of whether Watson has a right of action. An appellate court may not set aside a trial court’s findings of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Keith v. Keith, supra (“The existence of the attorney-client relationship is a question of fact subject to manifest error review.”) Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should |5not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, supra.
At the hearing on Franklin’s exceptions, Franklin testified that he personally mailed the disengagement letter terminating the attorney-client relationship to Watson and never received it back. Watson did not testify at the hearing and- the trial court found that her affidavit stating that she did not receive the letter was insufficient to rebut the evidence submitted by Franklin. We find the trial court’s factual determination that Franklin terminated his representation of Watson by letter reasonable, and thus, not manifestly erroneous. An attorney-client relationship between Franklin and Watson did not exist at the time Watson’s claim prescribed. Thus, Watson did not have a right of action against Franklin for legal malpractice, and the trial court did not err in dismissing Watson’s claim.
CONCLUSION
For the foregoing reasons, the trial court’s judgment granting W. Jarred Franklin’s peremptory exception of no right of action as to J. Lillian Watson is affirmed. Costs of this appeal are assessed to J. Lillian Watson and James David Watson, Jr.
AFFIRMED.

. Although not the subject of this appeal, the trial court[1] determined that an attorney-client relationship never existed between Franldin and James David Watson, Jr.